**Esperanza Soriano SANCHEZ; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 07–71625.

United States Court of Appeals, Ninth Circuit.

---

\* Peter D. Keisler is substituted for his predeces-

sor, Alberto R. Gonzales, as Acting Attorney

Submitted Sept. 10, 2007.**

Filed Oct. 18, 2007.

Esperanza Soriano Sanchez, Los Angeles, CA, pro se.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kathryn L. Deangelis, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

This is a petition for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's order denying petitioners Esperanza Soriano Sanchez and Victor Hugo Lopez's application for cancellation of removal.

Respondent's motion to dismiss is construed as a motion to dismiss in part and a motion for summary disposition in part.

Respondent's motion to dismiss in part is granted as to petitioner Esperanza Soriano Sanchez because she has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft*, 277 F.3d

1137, 1144 (9th Cir.2002); *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001).

A review of the administrative record demonstrates that petitioner Victor Hugo Lopez has presented no evidence that he has a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir.2002). The BIA therefore correctly concluded that, as a matter of law, petitioner was ineligible for cancellation of removal. Accordingly, respondent's motion for summary disposition in part is granted as to petitioner Victor Hugo Lopez because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing

---

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioners] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).